IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY SCOTT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-2379 |
| | : | |
| WARDEN DOMINICK DEROSE, | : | (Judge Brann) |
| ET AL., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

August 23, 2016

## Background

This <u>pro</u> <u>se</u> civil rights action was filed by Jeffrey Scott, an inmate

presently confined at the Dauphin County Prison, Harrisburg, Pennsylvania.

Named as Defendants are the following Dauphin County Prison officials: Warden

Dominick DeRose, Correctional Officers Jess Weary and Roxanne Morton.

Service of the Complaint was previously ordered.

This Complaint generally contends that Warden DeRose forces inmates to

live in overcrowded conditions, to eat where you use the restroom, and allows his

correctional officers to harass inmates in protective custody.  <u>See</u> Doc. 1, ¶ IV.  It

1

is further alleged that Scott is being denied proper medical care for a psychological condition that he has suffered from since childhood and that he is not afforded adequate exercise.   Scott also vaguely asserts Defendants Weary and Morton harass inmates in protective custody for high profile crimes  "and put them on the spot for child crimes."  Id.

Presently pending is Defendants' motion to dismiss the Complaint.[1]  See Doc. 14.  The motion is unopposed.

**Discussion**

Defendants claim entitlement to entry of dismissal on the grounds that: (1) Scott cannot represent the interests of other prisoners; (2) allegations of verbal harassment are not actionable; (3) the claims against Warden DeRose are improperly premised on a theory of supervisory liability; (4) the Plaintiff only alleges a de minimis physical injury; (5) Scott admittedly failed to exhaust his available administrative remedies ; (6) a viable claim of deliberate indifference is not stated; and (7) they are entitled to qualified immunity.

---

[1]   While the motion to dismiss indicates that it is filed solely on behalf of Warden DeRose, the supporting brief asserts arguments on behalf of all three Defendants.   As such, the unopposed request for dismissal will be construed as seeking relief on behalf of all three Defendants.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under  Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action.  Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Id.  Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at

3

679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.  The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).  Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Class Certification**

A pro se litigant lacks the capacity to represent the interests of his fellow inmates in a class action.  Cahn v. United States, 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp 168, 170 (D.N.J.  1992); Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998)(non-attorneys cannot litigate the rights of others); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991).  It is plain error to permit a pro se inmate litigant to

represent fellow inmates.  <u>Whalen v. Wiley</u>, No. 06- 809,  2007 WL 433340 *2 (D. Col. Feb. 1, 2007).

However, a <u>pro</u> <u>se</u> litigant seeking class certification may "continue individually to pursue his claims."  <u>Id</u>.  Simply put, a <u>pro</u> <u>se</u> prisoner pursuing a civil rights claim in federal court "must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights."  <u>Id</u>.; <u>Nilsson v. Coughlin</u>, 670 F. Supp. 1186, 1190 (S.D.N.Y. 1987).

Accordingly, since a <u>pro</u> <u>se</u> litigant cannot represent and protect the interests of a class fairly and adequately, any request by Scott to obtain relief or pursue claims on behalf of his fellow inmates will be denied.  <u>See</u> <u>Sacaza-Jackson v. Aviles</u>,  Civ. No. 06-4492,  2007 WL 38905 *3 (D.N.J. Jan. 4, 2007).

**<u>Verbal Abuse</u>**

The Complaint includes allegations that Scott was subjected to verbal harassment by Correctional Officers Weary and Morton.  It is well settled that the use of words generally cannot constitute an assault actionable under § 1983. <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 n.7 (2d Cir.); <u>Maclean v. Secor</u>, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); <u>Murray v. Woodburn</u>, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F. Supp. 185, 189 (D.N.J.

1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.   Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.).  A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying it, however, may state a constitutional claim.  For example, a viable claim has been found if some action taken by a defendant escalated the threat beyond mere words.  See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife).  Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient.  See Hart v. Whalen, Civ. No. 08-0828, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, Civ. No. 00-1557, 2004 WL 1793018 *7  (E.D. Pa.

6

2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that the verbal harassment allegedly directed against Scott  was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas.  More importantly, it is not stated that the alleged verbal abuse was accompanied by any physically intrusive behavior.  Given the circumstances described by Plaintiff, the purported verbal abuse was not of such magnitude to shock the conscience as contemplated by this Court in  S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001); thus, the vague assertions of verbal harassment referenced in the Complaint do not rise to the level of a viable constitutional claim.

**Personal Involvement**

Defendants next assert that the Complaint fails to sufficiently allege personal involvement by Warden DeRose in any alleged constitutional violations. See Doc. 15, p. 8.  It is again noted that this argument is unopposed.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a

7

right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Warden DeRose is clearly employed in a supervisory capacity within the prison.  The Complaint generally contends that the Warden was responsible for alleged inadequate conditions of confinement existing in the prison and allowed correctional officers to harass prisoners.  See  Doc. 1, ¶IV(1).  This contention arguably alleges personal involvement by the Warden.  However, any attempt by

8

Plaintiff to establish liability against Warden DeRose solely based upon his supervisory capacity is insufficient under Rode.

It is also possible that Plaintiff may be attempting to establish liability against DeRose due to his responses or non-response to administrative grievances or complaints. Prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, 283 Fed. Appx. 880, 881 (3d. Cir. 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Any attempt by Plaintiff to establish liability against Defendant DeRose based upon his handling of Scott's administrative grievances or complaints does not support a constitutional claim. See

9

also <u>Alexander v. Gennarini</u>, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement

in post-incident grievance process not a basis for § 1983 liability); <u>Pryor-El v.</u>

<u>Kelly</u>, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure

does not confer any substantive constitutional rights upon prison inmates, the

prison officials' failure to comply with grievance procedure is not actionable).

Pursuant to the above discussion the request for entry of dismissal on the

basis of lack of personal involvement will be granted to the extent that Plaintiff

seeks to establish liability against Warden DeRose solely on the basis of his

supervisory capacity or his responses or non-responses to Plaintiff's

administrative grievances.

**<u>Lack of Injury</u>**

Defendants' motion next claims that entry of dismissal is proper because the

Plaintiff "alleges no injury at all in this case."  Doc. 15, p. 11.  A review of the

Complaint shows that Scott is not requesting an award of compensatory damages

but is instead seeking punitive damages for emotional injury caused by having to

live in what he alleges are unconstitutional conditions of confinement.  <u>See</u> Doc.

1, ¶ IV.

Title 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be

brought by a prisoner confined in a jail, prison or other correctional facility, for

mental or emotional injury suffered while in custody without a prior showing of physical injury."  In <u>Allah v. Al-Hafeez</u>, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages.  However, the Court of Appeals added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in <u>Allah</u>, any request by Plaintiff for compensatory damages for emotional and psychological injuries for violation of his constitutional rights is barred by Section 1997e(e).  However, his request for punitive damages may still be pursued.

**<u>Administrative Exhaustion</u>**

Defendants further argue that this action cannot proceed since "Plaintiff candidly admits that he did not exhaust his remedies."  Doc. 15, p. 13.  As previously noted, this argument is unopposed.

Section 1997e(a) of Title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal

> law, by a prisoner confined in any jail, prison, or other
> correctional facility until such administrative remedies
> as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of

relief sought and offered through administrative avenues." Porter v. Nussle, 122

S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  Claims

for monetary relief are not excused from the exhaustion requirement.  Nyhuis v.

Reno, 204 F.3d 65, 74 (3d Cir. 2000).  Dismissal of an inmate's claim is

appropriate when a prisoner has failed to exhaust his available administrative

remedies before bringing a civil rights action.  Ahmed v. Sromovski, 103 F. Supp.

2d 838, 843 (E.D. Pa. 2000).  "[E]xhaustion must occur prior to filing suit, not

while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2

(6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999));

Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in

his or her complaint.  See Jones v. Bock, 549 U.S. 199, 216 (2007);  see also Ray

v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his

complaint that he has exhausted administrative remedies).  Rather, pursuant to the

standards announced in Williams v. Runyon, 130 F.3d  568, 573 (3d Cir. 1997), it

is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[2]  The United States Supreme Court in <u>Jones</u> noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component.  <u>Spruill v. Gillis</u> 372 F.3d 218, 222 (3d Cir. 2004).  As explained by the Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement."  <u>Id</u>. at 230.  It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest."  <u>Id</u>.  Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations.  <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006).

---

[2] In <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003), the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

It has been recognized that "[t]here is no futility exception" to the exhaustion requirement.  Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75).   Courts have reiterated the no futility exception by  an inmate's argument that exhaustion should be excused because prisoner grievances were regularly denied.  Hill v. Smith, 186 Fed.  Appx. 271, 274 (3d Cir.  2006).  Likewise, arguments of "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust" have also been rejected.  Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

In his Complaint, Plaintiff acknowledges that the Dauphin County Prison has an available prisoner grievance procedure.  See Doc. 1, ¶ II.  Scott further states that he did not exhaust his available administrative remedies regarding his pending claims "because the supervisor always agrees without full investigation being done and no matter what you do your always wrong."  Id.

The Dauphin County Prison has an established four step inmate grievance procedure.  See Mathis v. Dauphin County Prison, Civ. No. 3:CV-12-1317, 2013 WL 4718918 *6  (M.D. Pa.  Aug. 30, 2013).  It provides that an inmate seeking resolution of problems or other issues of concern arising during the course of his confinement must first file a written grievance with the Warden.  An appeal from the Warden's decision may be made to the Prison Board Chairman.  If unsatisfied

with that response, an appeal may be taken to the full Prison Board.  Thereafter, a final appeal may be presented to the Dauphin County Solicitor.  See id.; Ortiz v. Prison Board Members, Cic. No. 3:CV-08-2126, 2012 WL 2192256 * 4  (M.D. Pa. June 14, 2012)

It is undisputed that the Dauphin County Prison had an established grievance procedure in place during the relevant time period.  In addition, Plaintiff readily admits that he was aware of the procedure and elected not to file a grievance relating to any of his pending claims against the Defendants.  There is also no futility exception to the exhaustion requirement.  Based upon those factors, as well as  Plaintiff's failure to oppose the request for dismissal, a finding of non-exhaustion and entry of dismissal in favor of the Defendants under the well-settled Spruill and Woodford standards is appropriate.[3]  See Lockett v. DeRose, 355 Fed Appx. 582, 584-85  (3d Cir. 2009).  An appropriate Order will enter.

BY THE COURT:

---

[3]  Since dismissal for non-exhaustion is appropriate, consideration of Defendants' remaining arguments is not required.  However, the Court notes that all of the Defendants are non-medical personnel and there is no discernible assertion that any of them denied or delayed Plaintiff from receiving any  medical care.  As such, Scott's vague claim that he was denied mental health treatment is lacking.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge